**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN MATTHEWS, et al., | No. 11-17272 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-02326-FJM |
| v. | |
| NPMG ACQUISITION SUB LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted May 16, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiffs appeal the district court's grant of summary judgment in favor of their former employer, NPMG Acquisition Sub, LLC. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plaintiffs ratified the EEOC's entry of the consent decree, which waived plaintiffs' individual claims under 42 U.S.C. § 1981 against NPMG, and thereby are bound by its terms. Plaintiffs are bound to the decree if by their words or deeds they ratified the EEOC's entry of the decree on their behalf. *See All-Way Leasing, Inc. v. Kelly*, 895 P.2d 125, 128 (Ariz. Ct. App. 1994) ("A person not bound by a contract may ratify the contract and thus become bound by its terms, by affirming the contract through words or deeds."); *Phx. W. Holding Corp. v. Gleeson*, 500 P.2d 320, 326 (Ariz. Ct. App. 1972) ("Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act . . . is given effect as if originally authorized by him.") (quoting Restatement (Second) of Agency § 82 (1958)) (internal quotation marks omitted).

A court may "infer an intent to ratify if a non-party to the contract voluntarily accepts benefits conferred by the contract." *All-Way Leasing*, 895 P.2d at 128. Plaintiffs ratified the consent decree by accepting and spending the settlement payments NPMG paid them pursuant to the decree, while knowing that

2

the decree stated that they had waived any claims that could have been raised in the EEOC lawsuit. Plaintiffs' waiver was "voluntary, deliberate, and informed" because the consent decree's terms were unambiguous and there was no coercive atmosphere leading to the waiver of their rights. *See Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461-62 (9th Cir. 1989). Plaintiffs are bound by the consent decree, and the grant of summary judgment is affirmed.[1]

**AFFIRMED.**

---

[1] Because plaintiffs became parties to the consent decree through ratification, we do not reach whether non-party preclusion bars plaintiffs' claims.